UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARMEEN D. WASHINGTON,<br><br>                             Plaintiff,<br><br>           -against-<br><br>NICKI BATIAH,<br><br>                             Defendants. | 24-CV-0563 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Metropolitan Hospital and its employees violated her rights. By order dated March 11, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. Named as Defendants are Metropolitan Hospital, two of the hospital's employees – Nicki Batiah, and Charmaine Meraki – and Shelby Campbell. Plaintiff checks the box on the form to invoke the court's federal question jurisdiction, and in response to the question asking which of her federal constitutional or federal statutory rights have been violated, she writes, "NEC" and "Medical Oath & Code of Honor." (ECF 1, at 2.)[1]

Plaintiff alleges that the events giving rise to her claims occurred at Metropolitan Hospital in 1994, 1999, and currently. She asserts the following in her statement of claim:

> A forenor was holding me while portrayin to be a military officer and Nicki Batiah wired me to a EMG voltage remote control in 1994 believing I Charmeen Denise Washington was the males child.
>
> In 1999 Charmaine Meraki intubated me to transfer the implants placed in my lungs in 1994 which lead to the asthma diagnosis in to Shelby Campbells daughter out of Rikers Island Deisha Santiagos lungs.

(*Id.* at 5.) In the injury section of the complaint, she states "suffrcation, theft, rape, [and] family was murdered."

Plaintiff seeks "justice and however much [she] can be compensated."

## DISCUSSION

**A.     Plaintiff's claims are frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Denton v.*

---

[1] Plaintiff writes using irregular capitalization. For readability, where appropriate, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

*Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff brings claims premised on her belief that she has been a subject of medical procedures at Metropolitan Hospital in which she was wired to an "EMG voltage remote control" and implants were placed in her lungs. (ECF 1, at 5.) She also indicates that she suffered such injuries as rape and members of her family being murdered. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that she was subjected to procedures at Metropolitan Hospital which resulted in her being rape and her family murdered. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for her claims and, consequently, they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437.

Plaintiff has provided the court with allegations that she may believe to be true but are implausible. She has pleaded no factual predicate in support of her assertions; her allegations amount to conclusory claims and suspicions, and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)).

**B.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the complaint as frivolous.[2] *See* § 1915(e)(2)(B)(i).

---

[2] After previously warning Plaintiff that the further filing of cases of which the court lacked subject matter jurisdiction may result in an order barring her from filing new actions IFP in this court without prior leave of court, on January 16, 2024, the Court directed Plaintiff, within 30 days, to show cause by declaration, why she should not be barred from filing further actions IFP in this court without prior permission. *Washington v. Prof'l Claims Bureau*, ECF 1:23-CV-9592, 4 (S.D.N.Y. an. 16, 2024). Plaintiff did not file a declaration, and on March 4, 2024, the Court barred Plaintiff from filing any future civil action in this court IFP without first obtaining

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

 Dated:   April 15, 2024
          New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge

---

leave to file. *Id.*, ECF 5. This action was filed before the bar order was issued.